UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21878-CIV-HUCK/SIMONTON

LEON COUNTY and DORIS MALOY,
LEON COUNTY TAX COLLECTOR,
individually and on behalf of all other
similarly situated counties in the State
of Florida,

    Plaintiffs,

vs.

HOTELS.COM, L.P., a Texas Limited
Partnership, *et al.*,

    Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS**

    This cause is before the Court on Defendants' Motion to Dismiss the Complaint, filed September 25, 2006. The Court has considered the Motion, Plaintiff's Response thereto and Defendants' Reply in further support thereof. The Court is duly advised in the premises.

**BACKGROUND**

    Leon County, pursuant to the authority granted to county governments in §125.0104(3)(a), Florida Statutes, imposes a tax on the privilege of renting, leasing, or letting for consideration any living quarters in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, rooming house, mobile home park, recreational vehicle park, or condominium for a term of six (6) months or less. Leon County Code, art. 3, §11-46(a). The tax, which is based on the total consideration charged for the lease or rental, is to be to be "charged by the person receiving the consideration for the lease or rental" and "collected from the lessee, tenant or customer at the time of payment." Leon County Code, art. 3, §11-46(a) and (c). "The person receiving the consideration for such rental or lease" is required to receive, account for, and remit the tax to the county tax collector. Leon County Code, art. 3, §11-46(e).

    Leon County and its Tax Collector, individually and on behalf of similarly situated counties in Florida, have sued Defendants for failing to remit the Tourist Development Taxes described above.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek dismissal of the Class Action Complaint because the facts alleged therein do not establish that they or the transactions in which they engage are subject to the Leon County Tourist Development Tax.

## STANDARD ON A MOTION TO DISMISS

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103, 104 (11th Cir. 1982). The federal rules do not require a claimant to set out in detail all the facts upon which the claim is based. Id. at 47. All that is required is a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts as true. Scheur v. Rhodes, 416 U.S. 232, 236 (1974); Gonzalez v. McNary, 980 F.2d 1418, 1419 (11th Cir. 1993).

## ANALYSIS

Defendants first claim that their transactions with customers are not subject to the Leon County's Tourist Development Tax. They argue that, as alleged "travel agents" who conduct business "on-line or over the phone," they are not in the business of renting, leasing or letting accommodations. Citing Merriam Webster's and Black's Law Dictionaries, Defendants note that to "rent," "lease," or "let" means to grant the possession and use of property to another for consideration. Defendants argue that they are not alleged to engage in such conduct. Instead, Defendants claim that "travel agents" merely assist customers in locating and reserving available accommodations. According to Defendants, Plaintiffs have not alleged any specific facts establishing that Defendants rent, lease or let any living quarters or accommodations to anyone.

Defendants' arguments, however, are belied by the Complaint. Plaintiffs do not characterize Defendants as mere travel agents who locate and reserve accommodations for their customers. Instead, Plaintiffs allege that Defendants purchase room nights at a discounted rate and then rent, lease or let them to their customers at a marked up price. *See* Compl. at ¶32. In essence, Plaintiffs allege that Defendants engage in the practice of subletting of living quarters and accommodations. Although this allegation may ultimately be disproved, a court ruling on a motion to dismiss must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts

as true. *See Scheur*, 416 U.S. at 236; *Gonzalez*, 980 F.2d at 1419. If Defendants do indeed purchase hotel room nights from property owners and subsequently rent, lease, or let the rooms to their customers for consideration, such transactions would properly be subject to Leon County's tax.

Defendants next argue that they are not subject to the duty to collect and remit the Leon County Tourist Development Tax. Defendants note that Leon County Code, art. 3, §11-46 places the duties of charging, collecting and remitting the tax on "the person receiving the consideration for the lease or rental." Defendants argue that the hotels who grant customers temporary possession or use of their accommodations are the only entities subject to the foregoing duties. In other words, Defendants argue that only the person who "hands the key to the room to the occupant" is subject to the duties of charging, collecting and remitting the tax. Mot. To Dism., at 8,9. The Court disagrees.

Simply stated, Leon County's ordinance requires the person who receives payment for the lease or rental of accommodations to charge, collect and remit the tax. As noted above, Plaintiffs allege that Defendants purchase room nights at a discounted rate and, in turn, rent, lease or let the rooms to their customers. Under this arrangement, each Defendant is "the person receiving the consideration for the lease or rental." Therefore, the facts alleged, if proved, would subject Defendants to duties of charging, collecting and remitting Leon County Tourist Development Tax ordinance.

As for Defendants' argument that Plaintiffs' interpretation of the tax "would lead to the absurd result of the Tax being imposed twice on the rental transaction that takes place between the hotel and the customer," it depends on Defendants' inaccurate characterization of the allegations in the Complaint. Plaintiffs do not allege a single transaction between the hotel and Defendants' customer. Instead, Plaintiffs allege two transactions: one transaction between the hotel and a Defendant and a subsequent transaction between the Defendant and its customer. Without assessing the taxability of the first transaction, the Court finds that Plaintiffs have adequately alleged facts establishing the taxability of the second transaction.

Finally, Defendants argue that the facts alleged in the Complaint establish that all amounts due to Leon County have been remitted. Specifically, Defendants argue that the County is only due tax on the discounted amount Defendants are alleged to have paid for accommodations and that Plaintiffs

admit to receiving such tax. This argument fails for the same reasons stated above. While Plaintiffs admit that they received tax payments on the discounted amount Defendants themselves pay for room nights, Plaintiffs allege that they are due tax on the greater amounts paid by Defendants' customers. Indeed, in paragraphs 32 and 33 of the Complaint, Plaintiffs allege that Defendants "rent, lease, or let [accommodations] to their customers," but "fail(ed) to remit . . .all taxes due pursuant to [Code] § 11-46." Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss the Class Action Complaint is DENIED.

ORDERED and ADJUDGED in Chambers, Miami, Florida, this 6th day of December, 2006.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record.